(No. 1275—

MARLIN-ROCKWELL CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 25, 1929.*

BEN M. SMITH AND JOHN L. DAVIDSON, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a case filed by claimant asking a return of initial fees and franchise taxes paid by it pursuant to a statement forwarded to it by the Secretary of State of the State of Illinois. The statement as forwarded by the said Secretary of State called for a total payment of Thirteen Thousand and Ninety-three Dollars and Thirty-eight Cents ($13,093.38) and was computed by the Secretary of State and determined by said officer by the application of the percentage factor of .40013 to the total authorized capital stock of said claimant.

The entire claim was denied by this court on the 24th day of October, A. D. 1928, as being controlled by the decision of this court in the cases of *Moline Plow Company* v. *The State of Illinois,* and *Geo. P. Ide & Co., Inc.,* v. *The State of Illinois.*

Petition for rehearing was filed by claimant on the 19th day of November, A. D. 1928, which petition was subsequently allowed to consider the allegation of claimant that the per-

centage factor of .40013 was not the proper percentage factor to be used in the computation of its fees and franchise taxes.

Subsequent to the allowance of the petition for rehearing claimant filed its amended declaration and the case now comes before the court upon said amended declaration. Claimant alleges that the proper computation of its property and business done in the State of Illinois as applied to the total property and business of claimant everywhere would result in a percentage factor of .30856.

There appears no controversy as to the facts in this case and it appears to the court that the Secretary of State admits having made a mistake in its computation and that the correct percentage factor to be applied to the authorized capital stock of claimant corporation should have been .30856 instead of .40013. The application of the highest percentage above named resulted in a franchise fee and initial fee being paid by claimant in the total sum of Thirteen Thousand and Ninety-three Dollars and Thirty-eight Cents ($13,093.38). The application of the lesser percentage factor would have resulted in the payment by claimant in the total sum for initial and franchise fees of Ten Thousand and Ninety-six Dollars and Ninety-six Cents ($10,096.96), a difference of Two Thousand, Nine Hundred Ninety-six Dollars and Forty-two Cents ($2,996.42).

It appears to the court that the error in computation and in the application of the wrong percentage factor is admitted on behalf of the State by the Secretary of State and that there appears to be no objection to the allowance of the sum of Two Thousand, Nine Hundred Ninety-six Dollars and Forty-two Cents ($2,996.42) to claimant as a return of franchise fees and initial fees paid in error as a result of such mistake in computation.

It is therefore recommended by this court that claimant be allowed the sum of Two Thousand, Nine Hundred and Ninety-six Dollars and Forty-two Cents ($2,996.42).